### In the Matter of Michael P. KREBES, Respondent.

No. 34S00–1410–DI–625.

Supreme Court of Indiana.

July 8, 2015.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent employed L.G. from 2002 until 2013 as a paralegal, secretary, and office manager for his private practice. Respondent delegated to L.G. authority for establishing attorney-client relationships. On several occasions, L.G. collected client filing fees and converted those fees for her own personal use, and on at least two occasions L.G. provided clients with fabricated notices of automatic stay in order to conceal her conversion of bankruptcy filing fees.

L.G. also stole client funds from Respondent's trust account. In sum, L.G. misappropriated about $103,000 from Respondent's clients. L.G.'s improper actions were caused, in part, by Respondent's failure to appropriately supervise her and by Respondent's improper delegation of authority to her.

Respondent has made restitution payments of about $67,000 directly to some affected clients and has made payments of about $36,000 to other attorneys so that other affected clients could secure successor counsel to have their bankruptcy matters completed.

*Aggravating and mitigating facts.* The parties indicate there are no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent was candid and cooperative with the Commission; (2) Respondent admitted to all charged facts and alleged rule violations; (3) Respondent took immediate responsibility for his failure to supervise L.G.; (4) Respondent made restitution to the affected clients; and (5) Respondent has no prior disciplinary history.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

5.3(a): Failure to make reasonable efforts to ensure that the lawyer's firm has taken measures to assure that a nonlawyer employee's conduct is compatible with the professional obligations of the lawyer.

5.3(b): Failure to make reasonable efforts to ensure that the conduct of a nonlawyer employee over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.

Guideline 9.1: Failure to discharge responsibilities regarding supervision of nonlawyer employees.

Guideline 9.3(a): Delegating to a nonlawyer assistant responsibility for establishing an attorney-client relationship.

**Discipline:** The Court, having considered the submissions of the parties, now approves the following agreed discipline:

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning on the date of this order, all stayed subject to completion of two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent will maintain his trust account consistent with the practices set forth in a document entitled "Trust Account Management: Handling Client and Third Party Funds."

(2) At Respondent's expense, Respondent's trust account will be monitored by a Certified Public Accountant, approved by the Commission, who will make detailed quarterly reports to the Commission.

(3) Respondent's probation shall be automatically revoked if there is a judicial finding that he violated the Rules of Professional Conduct or any criminal law during the term of his probation, and if his probation is revoked, his six-month stayed suspension shall be served without automatic reinstatement.

Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.